FILED

AUG 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, for Use and<br>Benefit of David Allen<br>Company, Inc. and<br>DAVID ALLEN COMPANY, INC.<br>150 Rush Street<br>Raleigh, NC 27603<br><br>　　　Plaintiffs,<br><br>v.<br><br>VISTA CONTRACTING, INC.<br>1310 Pennsylvania Avenue, S.E.<br>Washington, D.C. 20003<br><br>SERVE:<br>Stephan Sostaric<br>1310 Pennsylvania Avenue, S.E.<br>Washington, D.C. 20003<br><br>and<br><br>FIDELITY & DEPOSIT COMPANY<br>OF MARYLAND<br>707 East Main Street<br>Richmond, VA 23218<br><br>SERVE:<br>Mrs. Patricia E. Grays<br>Superintendent of Corporations<br>District of Columbia Department<br>of Consumer & Regulatory Affairs<br>Corporations Division<br>941 North Capital Street, NE<br>Washington, DC 20002<br><br>　　　Defendants. | CIVIL ACTION NO.<br><br>　CASE NUMBER　1:05CV01673<br><br>　JUDGE: James Robertson<br><br>　DECK TYPE: Contract<br><br>　DATE STAMP: 08/__/2005 |

## COMPLAINT

Plaintiffs, United States for use and benefit of David

Allen Company, Inc. and David Allen Company, Inc.) (separately

1

and jointly, "Allen"), hereby file a complaint against Vista Contracting, Inc. ("Vista") and Fidelity & Deposit Company of Maryland ("F&D") as follows:

### Parties, Jurisdiction and Background Facts

1. Allen is a North Carolina corporation with its principal place of business located in Raleigh, North Carolina. Said defendant is subject to the jurisdiction of this Court.

2. Vista is incorporated under the laws of the District of Columbia with its principal place of business in the District of Columbia. Vista can be served through its registered agent Stephan Sostaric, 1310 Pennsylvania Avenue, S.E., Washington, D.C. 20003. Said defendant is subject to the jurisdiction of this Court.

3. F&D is a compensated surety which is incorporated under the laws of the state of Maryland and is registered to do business in the District of Columbia. Said defendant may be served by serving its agent for process Mrs. Patricia E. Grays, Superintendent of Corporations, District of Columbia Department of Consumer & Regulatory Affairs, Corporations Division, 941 North Capital Street, NE, Washington, DC 20002. Said defendant is subject to the jurisdiction of this Court.

4. This Court has jurisdiction under 28 U.S.C. § 1331 through § 3134, and 40 U.S.C. § 270b.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 40 U.S.C. § 270b. This is the district where the project at issue is located, where the contract was performed by Vista, and where a substantial part of the events or omissions giving rise to the claims occurred.

6. Vista entered into a contract with the owner, Architect of the Capitol, Contract No. AOC -0300043 ("Prime Contract"), for certain work in connection with the construction of the Longworth House Office Building, Independence Avenue, SW & South Capitol Street, Washington, D.C. 20515 (the "Project").

7. Pursuant to the Miller Act, 40 U.S.C. § 270a et. seq, Vista, as principal, and F&D, as surety, executed a Payment Bond with respect to the Project. A copy of the Payment Bond is attached hereto as **Exhibit "A"** and incorporated herein by reference.

## COUNT ONE

8. Count One incorporates the allegations of paragraphs 1 through 7 as if fully set forth herein.

9. Vista entered into a subcontract contract with Allen whereby Allen agreed to furnish tile and terrazzo for the Project and Vista agreed to pay Allen for such work. A copy of the subcontract is attached here to as **Exhibit "B"**.

10. Allen performed all of its obligations under the Subcontract but Vista has failed to pay Allen all of the money that is due and owing Allen.

11. Pursuant to the Subcontract, Allen also performed change order work in addition to original contract work and

3

there is a balance due and owing for contract and change order work of $51,107.91.

12. Allen has given notification to both Vista and F&D of this liability but they have refused to respond.

13. Allen is filing a mediation demand against Vista pursuant to Allen's entitlement to be paid under the Subcontract

## COUNT TWO

14. Count Two incorporates the allegations of paragraphs 1 through 7 as if fully set forth herein.

15. Allen has demanded payment but Vista has refused to make payment of the reasonable value of the labor and materials provided by Allen.

16. Vista has breached its implied promise to pay the reasonable value of the labor, materials and services furnished by Allen.

17. Allen is entitled to interest on the amount due.

18. Therefore, Allen is entitled to recover $51,107.91 or such other amount as may be proven at trial, plus interest as allowed by law, plus costs of this action.

## COUNT THREE
## RECOVERY UNDER THE MILLER ACT PAYMENT BOND

19. Count Three incorporates the allegations of paragraphs 1 through 7 as if fully set forth herein.

4

20. Under the terms of the Payment Bond and 40 U.S.C. § 3131 et. seq., F&D and Vista agreed, *inter alia*, to pay all persons who furnished labor or materials in prosecution of the work provided for under the Contract between Vista and the Architect of the Capitol, and to all obligations and responsibilities of Vista under the Prime Contract and the Payment Bond, is also obligated as principal under the Payment Bond and agreed to pay all persons who furnished labor or materials in prosecution of the work provided for under the Subcontract between Vista and Allen.

21. Allen is a claimant under the Payment Bond. Allen had a direct relationship with Vista for work performed for the Project. Allen furnished labor and materials in prosecution of work provided for under the Prime Contract but has not been paid the amount of $51,107.91.

22. Allen has demanded payment but defendants have failed and refused to pay the sum due.

23. Vista and F&D have breached the terms of the Payment Bond by failing to pay sums due.

24. This suit was filed within one year after the day on which the last labor or materials were furnished by Allen to the Project. More than 90 days has expired since the last furnishing of labor or materials by Allen for which the claim is made.

25. All conditions precedent to entitlement to recovery under the Payment Bond have been met, have occurred, or have been waived or excused.

26. Allen is entitled to interest on the amount due from the date such sum was due until payment at the rate allowed by law.

27. Therefore, Miller Act plaintiff and Allen are entitled to recover from defendants Vista and F&D, jointly and severally, under the Payment Bond in the amount of $51,107.91 or such other amount to be proven at trial, plus interest on such sum at the rate allowed by law from the date such sum was due.

WHEREFORE, Allen prays that it recover of Vista and F&D $51,107.91 plus prejudgment interest.

This 22nd day of August, 2005.

Respectfully submitted,

By: _____
Randal W. Wax
McManus, Schor, Asmar & Darden, LLP
1155 15th Street, NW
Washington, DC 20005
Telephone: (202) 296-9260
Facsimile: (202) 659-3732

Of Counsel:

SHAPIRO FUSSELL WEDGE SMOTHERMAN
MARTIN & PRICE, LLP
Herman L. Fussell
Georgia Bar No. 281100
One Midtown Plaza, Suite 1200
1360 Peachtree Street
Atlanta, Georgia 30309-3214

6

Telephone: (404) 870-2200
Facsimile: (404) 870-2213