IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES for Use and Benefit of David Allen Company, Inc. and DAVID ALLEN COMPANY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>VISTA CONTRACTING, INC. et al.<br><br>Defendants. | Civil Action No. 1:05CV01673 |

### DEFENDANT VISTA CONTRACTING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

**COMES NOW**, Vista Contracting, Inc. ("Vista"), by and through counsel, submits the following Answer and Affirmative Defenses to Plaintiffs, United States for the benefit of David Allen Company, Inc. and David Allen Company, Inc.'s (separately and jointly "Allen") Complaint. In support, Vista hereby states as follows:

### Parties, Jurisdiction and Background Facts

1. Paragraph 1 is beyond the scope of Vista's knowledge, and on that basis, Vista is unable to admit or deny the allegations contained therein.

2. Paragraph 2 is admitted.

3. Paragraph 3 is beyond the scope of Vista's knowledge, and on that basis, Vista is unable to admit or deny the allegations contained therein.

4. Paragraph 4 contains a conclusion of law to which a responsive pleading is not required. To the extent a responsive pleading is required, Vista denies the allegations contained therein.

5. The first sentence of Paragraph 5 contains a conclusion of law to which a responsive pleading is not required. To the extent a responsive pleading is required, Vista denies the allegations contained therein. Vista admits the allegations contained in the second sentence of Paragraph 5.

6. Vista admits the allegations contained in Paragraph 6 only to the extent that they are supported by the referenced Prime Contract, which is the best evidence of its contents.

7. The first sentence of Paragraph 7 contains a conclusion of law to which a responsive pleading is not required. To the extent a responsive pleading is required, Vista denies the allegations contained therein. Vista admits the allegations contained in the second sentence of Paragraph 7 only to the extent that they are supported by Exhibit A, which is the best evidence of its contents.

## COUNT ONE

8. Vista incorporates by reference and realleges its responses in Paragraphs 1 through 7 of this Answer as if fully set forth herein.

9. Vista admits the allegations contained in Paragraph 9 only to the extent that they are supported by Exhibit B, which is the best evidence of its contents.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Vista admits the allegations contained in Paragraph 12 only to the extent that Allen has notified Vista of its intent to file a claim. All other allegations are denied.

13.     Vista admits the allegations contained in Paragraph 13 only to the extent Allen has requested that this matter be mediated. Vista denies that Allen is entitled to be paid additional funds under the Subcontract.

## COUNT TWO

14.     Vista incorporates by reference and realleges its responses in Paragraphs 1 through 13 of this Answer as if fully set forth herein.

15.     Vista admits the allegations contained in Paragraph 15 only to the extent that Allen has demanded payment. All other allegations are denied.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied.

18.     Paragraph 18 is denied.

## COUNT THREE
### Recovery Under the Miller Act Payment Bond

19.     Vista incorporates by reference and realleges its responses in Paragraphs 1 through 18 of this Answer as if fully set forth herein.

20.     Paragraph 20 contains a conclusion of law to which a responsive pleading is not required. To the extent a responsive pleading is required, Vista denies the allegations contained therein.

21.     Paragraph 21 contains a conclusion of law to which a responsive pleading is not required. To the extent a responsive pleading is required, Vista denies the allegations contained therein.

22.     Vista admits the allegations contained in Paragraph 22 only to the extent that Allen has demanded payment. All other allegations are denied.

23.     Paragraph 23 is denied.

24. Vista lacks knowledge of the basis of the allegations contained in Paragraph 24. On this basis, Vista is unable to admit or deny the allegations contained therein.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

## PRAYER FOR RELIEF

28. The remainder of the complaint is a prayer for relief for which no responsive pleading is required.

29. Vista generally denies all allegations not expressly admitted.

## AFFIRMATIVE DEFENSES

A. Plaintiffs fail to state a claim for which relief may be granted.

B. Plaintiffs' claims are barred by the doctrine of waiver and estoppel.

C. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

D. Plaintiffs' claims are barred by failure of consideration.

E. Plaintiffs' claims are barred by the doctrine of laches.

F. Plaintiffs' claims are barred by the doctrine of set off.


**WHEREFORE**, Defendant Vista Contracting, Inc. respectfully requests that this Court dismiss, with prejudice, the claims contained in Plaintiffs' Complaint. Vista also requests that this Court grant such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

VISTA CONTRACTING, INC.

Dated: September 26, 2005                    _____/s/_____

Thomas O. Mason, Esq.
   D.C. Bar Number 460408
Rachel L. Semanchik, Esq.
   D.C. Bar Number MD26511
Francis E. Purcell, Jr., Esq.
   D.C. Bar Number 451770
Williams Mullen
A Professional Corporation
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
Telephone: (703) 760-5200
Facsimile: (703) 748-0244

Counsel for Defendant Vista Contracting, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September 2005, I caused to be served by U.S. First Class Mail, postage prepaid, the foregoing Vista Contracting, Inc.'s Answer and Affirmative Defenses to Plaintiffs' Complaint upon:

Randal W. Wax, Esq.
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, NW, Suite 900
Washington, D.C. 20005

Francis E. Purcell, Jr.

1195597v1